### In re AMSDELL-KIRSCHNER BREWING CO.

(District Court, N. D. New York. August 7, 1917.)

1. MORTGAGES ⬅️535(1)—FORECLOSURE—RIGHTS OF PURCHASERS—LIENS.

A corporation purchased mortgaged property, without assuming the mortgage or the mortgage debt. While it was the owner of the premises, but after it had ceased to use them, water rents, which under the law became a lien and charge on the property, accrued. The mortgage was foreclosed, and the judgment provided that the water rents should be paid from the proceeds of the sale; but, at the request of the holders of the mortgage, the water rents were not deducted from the proceeds, and the premises were sold to, and bid in by, the holders of the mortgage subject thereto. *Held* that, where they had not paid such water rents, or obtained any assignment thereof from the city, they had no claim against the corporation, or its estate in bankruptcy.

2. BANKRUPTCY ⬅️336—AMENDMENT OF CLAIMS—TIME.

An application to amend a claim after the expiration of one year, and after the disallowance of the original claim and the affirmance of such disallowance, will not be granted, where the liability of the bankrupt is not shown, and the trustee strenuously contests the claim.

In Bankruptcy. In the matter of the Amsdell-Kirschner Brewing Company, bankrupt. On application by Lona F. Crounse and another to file an amended claim after the expiration of one year, and after

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

review of an order of the referee disallowing and expunging their claim, and affirming the action of such referee. Application to amend denied.

Visscher, Whalen & Austin, of Albany, N. Y., for claimants. ·
Muhlfelder & Illch, of Albany, N. Y., for trustee.

RAY, District Judge. The facts in this case and those relating to this claim are quite fully set forth in In re Amsdell-Kirchner Brewing Co. (D. C.) 240 Fed. 492, and it is unnecessary to repeat them here. The claim filed was based upon a deficiency judgment against one Sniper, who signed the bond secured by the mortgage referred to in the case above cited. There was no deficiency judgment against the bankrupt, the Amsdell-Kirschner Brewing Company.

[1] It was claimed on the argument in that case that the deficiency judgment against Sniper arose in part by reason of the accrual of water rents on the premises while the property was in the possession of and used by the bankrupt, to whom the title of the premises had passed without assumption of the mortgage or mortgage debt. This court remarked:

"There is equity in this contention [that the bankrupt estate ought to pay the water rents]; but the trouble is a claim was not presented based on such facts, and no such claim was litigated, even indirectly, and there was no request to amend. If the now bankrupt corporation incurred indebtedness for water rents, and was liable therefor, I do not see why it is not still liable. If claimants should purchase such claim, it could present it in this court."

It now is made to appear on this application that while the owner of the premises, but, it is claimed, after the now bankrupt had ceased to use same, water rents accrued in favor of the city of Albany. Under the law these water rents became a lien and charge on the property. The claimants here became the owner of the mortgage, and foreclosed same, or perfected the foreclosure, and the premises were sold pursuant thereto, and bid in by these claimants. The judgment provided that the water rents referred to, being a lien on the premises, should be paid from the proceeds of the sale as a lien on the premises. The notice of sale and terms of sale so provided, but on application of these claimants, and at their request, the amount due the city of Albany for water rents was not deducted from the proceeds of sale, but the premises were sold to and bid in by these claimants, subject to said water rents, and by such purchase under such conditions these claimants, of course, assumed and became obligated to pay the water rents, inasmuch as they were a lien on the premises purchased by them.

There is no evidence before this court that these claimants have paid these water rents, and there is no evidence before this court that the city of Albany has ever assigned or transferred to these claimants its claim for such water rents. Affidavits are also filed to the effect that the now bankrupt corporation had in fact ceased to use the mortgaged premises prior to the accrual of the water rents referred to; in other words, that the now bankrupt corporation received no benefit fom the water furnished these premises and for which the lien

exists. By the terms and conditions of the bond and mortgage these water rents became a lien and charge on the premises.

Under the circumstances shown, it appears that these claimants have purchased these premises, in effect, assuming the payment of the water rents, and which are a burden on the premises, and which rents, of course, increase the amount the claimants will have to pay; but it does not appear that they have paid same, or that they have purchased the claim of the city of Albany for such water rents, and this court is unable to see any theory upon which it can hold that the claimants have a claim against the bankrupt or the bankrupt estate for such water rents.

[2] I think it would be a waste of time to allow the amendment to the claim, and expend time and money in taking proofs in regard thereto, as the trustee in bankruptcy contests the same most strenuously.

The application to amend the claim must therefore be denied. So ordered.